**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.F.**

**No. 25-538** (Wood County CC-54-2024-JA-163)

**MEMORANDUM DECISION**

Petitioner Father A.P.[1] appeals the Circuit Court of Wood County's July 21, 2025, order terminating his parental rights to M.F., arguing that the circuit court erred in denying him a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2024, the DHS filed an abuse and neglect petition alleging, in pertinent part, that the mother ran away from her foster home and could not be located, leaving M.F., then one year old, behind. At the time, the identity of M.F.'s father was unknown. The DHS alleged that the unknown father failed to provide the child with necessary food, clothing, shelter, supervision, or medical care and had, thus, forgone his parental responsibilities. At an adjudicatory hearing in September 2024, the DHS presented evidence that the mother remained unlocated and that, despite proper notice via publication, no person had come forth to identify himself as the child's father. As such, the circuit court proceeded to adjudicate both the mother and the unknown father as abusive and/or neglectful parents of M.F. on the grounds of abandonment.

In January 2025, the circuit court was informed that paternity testing confirmed that the petitioner was M.F.'s father. Accordingly, the DHS filed an amended petition, alleging that the petitioner had failed to provide for the child and had no contact with M.F. for over six months. The circuit court held another adjudicatory hearing in April 2025, wherein the petitioner stipulated to abandonment. Further, the petitioner, by counsel, confirmed that he knew the mother was pregnant and that the child could possibly be his as the two were in a relationship at the time. The circuit court accepted the stipulation and adjudicated the petitioner as an abusive and/or neglectful parent. The petitioner then filed a written motion for a post-adjudicatory improvement period.

---

[1] The petitioner appears by counsel Courtney L. Ahlborn. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Reseter. Counsel Michael D. Farnsworth Jr. appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

At the dispositional hearing in May 2025, the DHS presented its written report, which stated that the petitioner failed to establish a bond with M.F. as he never met the child, M.F. did not know who the petitioner was, and the petitioner did not have necessary parenting skills. The petitioner testified that he was nineteen years old, did not complete high school or intend to take steps to obtain a GED, was currently working at McDonalds, did not have a driver's license, and did not have his own residence as he lived with his mother. Counsel for the DHS proffered that the petitioner's mother refused to allow an inspection of the home, and therefore, it could not confirm if the residence was suitable. The petitioner also stated that he intended to obtain an apartment with his friends, one of which possibly had a criminal history. Further, the petitioner acknowledged that he knew it was possible that he was the father but failed to take steps to confirm paternity until December 2024, almost two years after the child's birth. Additionally, the petitioner testified that he was participating in parenting classes and would be willing to comply with additional services. Ultimately, the circuit court found that the petitioner was "not currently capable of parenting" M.F. and that, due to the extensive abandonment period, an improvement period would not remedy the issue at hand, especially because no parent-child bond was ever formed. Due to the abandonment, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and/or neglect in the near future. Because of the need to provide M.F. with stability and permanency, the circuit court found that termination was necessary for the child's welfare. Accordingly, the circuit court terminated the petitioner's parental rights.[3] It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner asserts that the circuit court erred in denying him a post-adjudicatory improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B) a parent *may* be granted a post-adjudicatory improvement period if the parent "demonstrates, by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." We have held that "[a]bandonment of a child by a parent[ ] constitutes compelling circumstances sufficient to justify the denial of an improvement period." Syl. Pt. 2, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991). Notably, in this case, the petitioner does not contest his adjudication for abandonment and acknowledges that he was uninvolved in the child's life. While the petitioner participated in parenting classes, the court did not err in finding that he was not "currently capable of parenting" M.F. We have consistently stated that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened" before proceeding to disposition. Syl. Pt. 4, in part, *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875 (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Therefore, we conclude that the circuit court did not err in denying the petitioner's motion for an improvement period and proceeding to termination. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia

---

[3] The mother's parental rights were also terminated. The permanency plan for the child is adoption in his current placement.

2

law allows the circuit court discretion in deciding whether to grant a parent an improvement period."). Accordingly, the petitioner is entitled to no relief.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 21, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] On appeal, the petitioner makes passing reference to error in the termination of his parental rights and the denial of post-termination visitation. However, he provides no argument in support of these assertions nor any applicable authority on the issue, both in violation of Rule 10(c)(7) of the Rules of Appellate Procedure. Indeed, as we have explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). Accordingly, we will not address these unsupported assertions.